**Ray MARSHALL, Secretary of Labor, Petitioner,**

v.

**OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION and its Local 4–208, and Occupational Safety and Health Review Commission, Respondents.**

**AMERICAN CYANAMID COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Oil, Chemical and Atomic Workers International Union and its Local 4–208, Respondents.**

Nos. 80–1942, 80–1943.

United States Court of Appeals, Third Circuit.

Argued Feb. 12, 1981.

Decided April 23, 1981.

As Amended May 13, 1981.

Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Occupational Safety and Health, Allen H. Feldman, Appellate Litigation, Charles I. Hadden, Asst. Counsel for Appellate Litigation, Washington, D. C., James E. White, Regional Sol., Dallas, Tex., John R. Bradley (argued), Atty., U. S. Dept. of Labor, Washington, D. C., for Secretary of Labor.

Robert E. Wages (argued), Asst. Gen. Counsel, Oil, Chemical and Atomic Workers Intern. Union, Denver, Colo., for Oil, Chemical and Atomic Workers Intern. Union; John R. Tadlock, Gen. Counsel, James J. Cronin, Associate Gen. Counsel, Oil, Chemical and Atomic Workers Intern. Union, Denver, Colo., of counsel.

Mari M. Gursky (argued), Dechert, Price & Rhoads, Philadelphia, Pa., for American Cyanamid Co.; James S. Maxwell, Maxwell, Bennett, Thomas & Maxwell, Dallas, Tex., of counsel.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges and TEITELBAUM,* District Judge.

OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

The issue in this case is whether the Occupational Safety and Health Review Commission (Commission) erred when, in a 2 to 1 vote, it decided that the Oil, Chemical and Atomic Workers International Union (Union) had the right to object to a proposed settlement between American Cyanamid Company (American Cyanamid) and

---

* Honorable Hubert I. Teitelbaum, United States District Court for the Western District of Pennsylvania, sitting by designation.

the Secretary of Labor (Secretary) on grounds other than the reasonableness of the abatement period fixed in the settlement agreement. The Commission's Order was entered on April 30, 1980, one month prior to our court's decision in *Marshall v. Sun Petroleum Products Co.*, 622 F.2d 1176 (3d Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980). Because we are bound by our decision in *Sun Petroleum*, we reverse the Commission's Order.

## I.

On October 14, 1977, American Cyanamid's Fort Worth Plant was cited for violating certain sections of the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.* (Act). The citation was issued by the Secretary of Labor and sets forth specific abatement periods and proposed penalties. American Cyanamid filed a notice of contest with the Secretary and proceedings were instituted before the Commission. The Union elected for party status in these proceedings.

The Secretary submitted a proposed settlement agreement to all of the parties on February 23, 1978. The Union notified the Secretary but did not notify American Cyanamid that it had objections to the settlement. American Cyanamid signed the settlement after making some changes in the agreement which were unrelated to the Union's objections. The principal term of the agreement asserted that the condition which led to the citation had already been abated. The Secretary accepted the modifications, signed the agreement and forwarded it for approval to the Administrative Law Judge (ALJ) to whom the case had been assigned. The ALJ approved the settlement on March 20, 1978 and issued an approval order on the same day.

On March 21, 1978, the Union wrote to the ALJ, contesting the approval and indicating that the Union would not sign the agreement. The Union's refusal to sign was based on its belief that, contrary to what the agreement indicated, American Cyanamid had not cured the condition leading to the citation. The Union also asserted

that it had not been included in the negotiations though it did attempt to persuade the Secretary not to sign the modified agreement. Commission Chairman Cleary construed this letter as a petition for discretionary review and directed such review on April 19, 1978.

## II.

The gist of the conflict before the Commission concerned whether the Union had been deprived of its statutory right to participate meaningfully in the settlement process because it had not had the opportunity to show the lack of abatement. 29 U.S.C. § 659(c). Section 659(c) provides as follows:

> If an employer notifies the Secretary that he intends to contest a citation issued under section 658(a) of this title or notification issued under subsection (a) or (b) of this section, or if, within fifteen working days of the issuance of a citation under section 658(a) of this title, any employee or representative of employees files a notice with the Secretary alleging that the period of time fixed in the citation for abatement of the violation is unreasonable, the Secretary shall immediately advise the Commission of such notification, and the Commission shall afford an opportunity for a hearing (in accordance with section 554 of Title 5 but without regard to subsection (a)(3) of such section). The Commission shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance. Upon a showing by an employer of a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his reasonable control, the Secretary, after an opportunity for a hearing as provided in this subsection, shall issue an order affirming or modifying the abatement requirements in such citation. *The rules of procedure prescribed by the Com-*

*mission shall provide affected employees or representatives of affected employees an opportunity to participate as parties to hearings under this subsection.*

(emphasis added).

In its decision the Commission questioned whether the Union had been deprived of an opportunity to participate. It noted a statement of the Secretary that the agreement represented a three party effort to achieve settlement. Furthermore, the Commission recognized that the Union had attempted to persuade the Secretary to reject American Cyanamid's modifications to the proposed settlement. The resolution of this factual contention notwithstanding, the Commission appropriately noted that a threshold question of jurisdiction existed. "Here, the authorized employee representative's objection to the settlement calls into question the truth of the representation in the agreement indicating that abatement has taken place. We are called upon to make inquiry and resolve the question. This raises the more fundamental issue of whether we have the authority to make such a determination. As [American Cyanamid] points out, where a proposed settlement agreement makes such a representation we generally do not inquire into whether abatement has actually occurred." 8 OSHC 1346, 1349 (1980) (footnote omitted). The Commission decided that it did have jurisdiction to consider the Union's charge that, contrary to the representations made by the agreement, abatement had not occurred. The basis of this decision was a belief that the Union had a statutory right to participate and that this right extended to a challenge of the fact of abatement. The Commission then ordered the case remanded to the ALJ to resolve the abatement issue. The Secretary has appealed from the Commission's order to remand the case to the ALJ.

### III.

Although the respondents have not raised the issue of whether the Commission's order granting the Union the right to object to the proposed settlement agreement on grounds other than the reasonableness of the abatement period is an appealable order we will consider this issue *sua sponte.*

In *Marshall and IMC Chemical Group, Inc. v. OSHRC and Local 7–854,* 635 F.2d 544 (6th Cir.1980), the United States Court of Appeals for the Sixth Circuit was faced with a similar situation. There the Secretary, upon determining that there was insufficient evidence to establish a prima facie case of violation of the Act, decided to withdraw a citation prior to the filing of a complaint. The Commission decided that the Secretary had no right to withdraw the citation nor to refrain from filing the complaint. After examining the collateral order exception to the finality rule, the court of appeals held that the ruling of the Commission was a final order with respect to the rights of the Secretary as prosecutor and that the decision of the Commission was ripe for review. *Marshall v. OSHRC,* at 548.

In *Community Broadcasting of Boston, Inc. v. F.C.C.,* 546 F.2d 1022 (D.C.Cir. 1976), the Court of Appeals for the District of Columbia Circuit elaborated upon the *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), collateral issue exception to the finality rule:

The *Cohen* exception allows immediate appeals from certain orders that do not fully and finally terminate the litigation between the parties. The Supreme Court outlined several prerequisites to appeal from an interlocutory order. First, the order must be a final determination of a claim of right "separable from, and collateral to," the rights asserted in the main action. Second, the order must present "a serious and unsettled question," rendering it "too important to be denied review." Finally, an immediate appeal must be necessary to preserve rights that would otherwise be lost on review from final judgment. In conclusion the Court in *Cohen* emphasized that the finality requirement should be given

"practical rather than a technical construction."

*Id.* at 1024–25 (footnotes omitted).

■ We agree with the Secretary that his power or right to enter into settlement agreements without Commission intervention is collateral to the citation in his original complaint against American Cyanamid. Here we are *not* faced with a dispute between the enforcing agency (the Department of Labor) and the company (American Cyanamid). Instead, we are faced with a dispute between the adjudicatory agency (the Occupational Safety and Health Review Commission) and the enforcement agency (the Department of Labor). This dispute involves an issue that will not merge into the final judgment contemplated by a majority of the Commission where the Commission has remanded the case to the ALJ "in order that he may hear the authorized employee representative's objections to the settlement agreement, and determine whether abatement has occurred." 8 OSHC 1350. As the dissenting Commissioner Barnako noted, "in remanding this case for litigation of the truthfulness of the challenged statement in the settlement agreement, the majority further delays the day when a final order requiring abatement may be entered in this case and *in the meantime deprives the Secretary of any recourse to compel abatement.*" 8 OSHC 1350 (emphasis added) Commissioner Barnako dissented because in his opinion the majority's "rulings are lacking in both law and logic." 8 OSHC 1350.

When the Commission refused to approve the Secretary's settlement agreement, the Secretary's prosecutorial discretion to settle the case was irrevocably infringed. As a result, the Secretary, as enforcer and prosecutor of the Act, was unable to terminate the litigation in this case just as the Secretary in *Marshall v. OSHRC, supra,* was denied the right by the Commission to withdraw the citation. Where the Secretary believes that the hazard has been abated, he should be able to terminate the litigation, and then if he later ascertains or suspects that the hazard is not abated, he can rein-

spect. However, under the majority view of the Commission, if the matter is remanded and proceeds to a hearing, any subsequent review by this court of the *new* record will never fully vindicate the Secretary's position that he could have settled the case on the former record. Bluntly, subsequent protracted litigation before an ALJ, even when the Secretary gets a favorable "verdict", has no retroactive effect; it does not put the parties in the same posture as they would have been if the case had been settled without the subsequent hearing. As is implicit in the dissenting Commissioner's opinion, the proverbial barn door has been left open, the loss in time, and the inability to take any recourse against the abatement cannot be restored retroactively.

The Secretary's power to enter into a settlement agreement is critical to the enforcement scheme of the Act. Without this power the settlement agreements that the Secretary enters into can have no sense of finality and employers, rather than being encouraged, will be discouraged from settling these cases. Thus we are presented with a serious and unsettled question which is too important to be denied review: the power of the Secretary to settle a case as the exclusive prosecutor of the Act. We think it is readily apparent that the Commission's order is final within the meaning of *Cohen* and that this court should assume jurisdiction to preserve rights that would otherwise be lost on review from a final judgment. Moreover, the purposes of the final judgment rule are served by the exercise of jurisdiction in this case as the litigation is now effectively ended.

## IV.

■ Turning to the merits of the case, we have concluded that the Commission erred when it remanded this case to the ALJ so the Union could contest whether abatement had occurred. If the last sentence of § 659(c) were standing alone, we would agree with the Commission's decision. This, however, is not the case. The hearing process under § 659(c) is triggered by an "employee or representative of employees" filing "a notice with the Secretary

alleging that the period of time fixed in the citation for the abatement of the violation is unreasonable...." In *Sun Petroleum Products, supra,* we examined the legislative history of § 659(c) and, in an opinion written by Judge Aldisert, concluded:

> Under our interpretation we also reject the union's contention that affected employees have a right to be heard on matters other than the reasonableness of the abatement period. The Senate Committee Report makes clear that section 10(c) "gives an employee or representative of employees a right, whenever he believes that the period of time provided in a citation for abatement of a violation is unreasonably long, to challenge the citation on that ground." Moreover, the legislative history discloses no support for the union's position. Indeed, any evidence of congressional intent on this point contradicts the union's assertion that it is entitled to be heard on matters other than the abatement period. We therefore conclude that any challenge advanced by an employee is limited to an attack on the reasonableness of the abatement period.

622 F.2d at 1186 (footnotes omitted).

In the present case, the Union has not challenged the reasonableness of the period fixed for abatement. The proposed settlement agreement alleges that the violation has already been abated. It is the fact of abatement itself which the Union challenged before the Commission.

Since the agreement contains no period of time in which abatement is to occur, the Union and the Commission's role in the settlement process is limited. *Sun Petroleum, supra.* The Act provides other more appropriate means to insure that American Cyanamid's employees are protected. If the Union believed that abatement had not occurred, it could have instituted a new complaint. 29 U.S.C. § 657(f). If the Secretary determined that there were reasonable grounds to believe that a violation exists, then the Secretary would be duty bound to make an inspection. Failure to abate would subject American Cyanamid to citation under Section 666(d) or to an enforcement action under Section 660(b). If the inspection revealed that abatement had occurred but the hazard had reappeared, American Cyanamid could be subjected to a citation under Section 666(a) for willful or repeated violation of the Act. Thus, the Commission did not have jurisdiction to consider the Union's challenge to the fact of abatement.

## V.

Because we believe that the Commission erred by extending its jurisdiction beyond the limits enunciated in our *Sun Petroleum* opinion, we will reverse the Commission's Order and remand for proceedings not inconsistent with this opinion.