713 F.2d 45
 11 O.S.H. Cas. (BNA) 1630, 1983 O.S.H.D. (CCH)
P 26,634
 ENGELHARD INDUSTRIES, DIVISION OF ENGELHARD CORPORATION, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Local
962, International Chemical Workers Union, Respondents,
Raymond J. Donovan, Secretary of Labor, Intervenor.
 No. 82-3431.
 United States Court of Appeals,
Third Circuit.
 Argued June 16, 1983.
Decided Aug. 5, 1983.
 
 Elizabeth F. Reveley (argued), William M. Earnest, Elarbee, Thompson & Trapnell, Atlanta, Ga., for petitioner.
 
 
 1
 Domenique Kirchner (argued), T. Timothy Ryan, Jr., Sol. of Labor, Washington, D.C., for Secretary of Labor--intervenor.
 
 
 2
 Frank A. White, Associate Sol. for Occupational Safety and Health, Dennis K. Kade, Counsel for Appellate Litigation, Washington, D.C., Bobbye D. Spears, Regional Sol., Atlanta, Ga., Salvatore J. Falletta (argued), Intern. Chemical Workers Union, Akron, Ohio, for Local 962.
 
 
 3
 Before HUNTER, HIGGINBOTHAM, Circuit Judges and GILES,* District Judge.
 
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 4
 Engelhard Industries ("Engelhard") has petitioned us to review an order of the Occupational Safety and Health Review Commission ("Commission"). The Secretary of Labor ("Secretary"), as an intervenor in this action, has filed a motion seeking dismissal of the petition for review as premature. We will grant the motion to dismiss.
 
 
 5
 * In early June of 1978 a worker at Engelhard's Huntsville, Alabama facility was overcome by fumes while servicing a tank. A second worker entered the tank to rescue the first and was also overcome. Both workers died. Following an inspection of Engelhard's facility, an Occupational Safety and Health Administration compliance officer issued a citation on June 19, 1978, alleging a willful violation of section 5(a)(1) of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654(a)(1) (1976), for failure to implement proper tank entry procedures and emergency rescue procedures. The citation proposed a $6400 penalty and directed immediate abatement of the violation. App. at 6. Pursuant to section 10(a) of OSHA, 29 U.S.C. § 659(a) (1976), Engelhard notified the Secretary that it was contesting the citation, and a hearing was scheduled before an ALJ. The International Chemical Workers Union ("Union") requested party status in the proceeding under section 10(c) of OSHA, 29 U.S.C. § 659(c) (1976), as the representative of the affected employees. That request was granted by the ALJ on August 21, 1978. App. at 20.
 
 
 6
 Prior to the hearing on the citation, the Secretary and Engelhard entered into a Stipulation of Settlement Agreement. App. at 22; see 29 C.F.R. § 2200.100 (1979).[1] Under the terms of that agreement, Engelhard agreed to withdraw its notice of contest, abate the alleged violation immediately, and pay the assessed penalty in exchange for the Secretary's recharacterization of the citation from "willful" to "serious" and his reduction of the penalty to $1000. App. at 22-26. The agreement went on to state that "Respondent's agreement to pay the amended proposed penalties, abate the alleged citations (as modified), and its signing of this Agreement are not to be construed as an admission by the Respondent of any of the allegations or conclusions set forth in the citations...." App. at 25.
 
 
 7
 The Union objected to the settlement agreement contending, inter alia, that the recharacterization of the citation from "willful" to "serious" was unjustified and that the non-admission clause contained in the settlement was improper. It did not contest, however, the abatement period contained in the settlement agreement. At the Union's request, the ALJ ordered a hearing to resolve the factual issues raised by the Union's objections. App. at 63, 66.[2] Engelhard filed a request for certification for interlocutory appeal to the Commission, app. at 68, and on August 30, 1982, the Commission affirmed the ALJ's decision granting a hearing and remanded the case for further proceedings. App. at 71.
 
 
 8
 On September 15, 1982, Engelhard filed in our court a petition for review of the Commission's remand order contending that the Commission erred in granting a hearing to the Union on the Union's objections to the settlement agreement. On November 3, 1982, the Secretary moved to intervene. On November 9, 1982, the Secretary moved to dismiss the petition for review for lack of subject matter jurisdiction arguing that, as to Engelhard, the Commission's order was interlocutory and therefore not reviewable under section 11(a) of OSHA, 29 U.S.C. § 660(a) (1976). On December 20, 1982, we granted the Secretary's motion to intervene, and we referred the Secretary's motion to dismiss to the merits panel.
 
 II
 
 9
 Section 10(c) of OSHA, 29 U.S.C. § 659(c) (1976), provides that if an employer contests a citation, the Commission "shall afford an opportunity for a hearing ... [and] shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance." Section 11(a) of OSHA, 29 U.S.C. § 660(a) (1976), states that "[a]ny person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, ... by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside." The Secretary contends that the Commission's order in this case does not affirm, modify, or vacate the Secretary's citation or order any other relief but merely remands the case to the ALJ for a hearing on the Union's objections to the settlement agreement. Accordingly, the Secretary argues that the Commission's interlocutory order "does not possess the finality with respect to Engelhard's asserted rights" needed to invoke our jurisdiction under 29 U.S.C. § 660(a) (1976). See Noranda Aluminum, Inc. v. OSHRC, 650 F.2d 934, 935-36 (8th Cir.1981); Stripe-A-Zone v. OSHRC, 643 F.2d 230, 232-33 (5th Cir.1981).
 
 
 10
 In response Engelhard does not contend that the Commission's order falls within the literal terms of section 10(c), but instead argues that it is reviewable under the "collateral order" exception to the finality rule articulated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., --- U.S. ----, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court stated:
 
 
 11
 To come within the "small class" of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.
 
 
 12
 103 S.Ct. at 935 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-2458, 57 L.Ed.2d 351 (1978)); see Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir.1983); Marshall v. Oil, Chemical & Atomic Workers International Union, 647 F.2d 383, 386-87 (3d Cir.1981). Because Cohen stands as a narrow exception to the general policy against piecemeal review, we have held that all three criteria identified in Cohen must be satisfied for the collateral order doctrine to apply. Yakowicz v. Commonwealth of Pennsylvania, 683 F.2d 778, 783 (3d Cir.1982).
 
 
 13
 The issue that Engelhard contends was conclusively decided by the Commission's order involves Engelhard's asserted "right to settle." The Commission's order, however, does not conclusively determine whether Engelhard can settle with the Secretary according to the terms of the Stipulation of Settlement Agreement. On remand the ALJ could reject the Union's substantive objections and approve the settlement as originally agreed to by Engelhard and the Secretary. Furthermore, if the ALJ improperly rejects the settlement agreement, that decision can be effectively reviewed on appeal to the Commission. See Yakowicz, 683 F.2d at 783.
 
 
 14
 Engelhard argues, however, that the Commission's order does conclusively resolve Engelhard's right to settle without "protracted litigation" or "intervention by the Union and the Commission." It is true that by remanding the action to the ALJ, the Commission's order prevents Engelhard from immediately settling its case. We can not conclude, however, that by so doing the Commission's order resolves a sufficiently important issue collateral to the merits to justify immediate review. In Marshall v. Sun Petroleum Products Co., 622 F.2d 1176 (3d Cir.), cert. denied, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980), we held that even though an employer and the Secretary had entered into a settlement agreement, the Secretary could withdraw from that agreement and issue a new citation prior to the entry of a final decision by the Commission. Id. at 1186-87. That case recognizes that an employer does not have a statutory right to be free of litigation just because it has agreed to a proposed settlement. The expense and burden of defending a proposed agreement prior to a final decision by the Commission may be an aggravation, but it is "part of the social burden of living under government." FTC v. Standard Oil Co., 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980) (quoting Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938)); see Bethlehem Steel Corp. v. EPA, 669 F.2d 903, 907 (3d Cir.1982).[3] Accordingly we hold that the Commission's order does not finally determine a collateral claim of right too important to be denied immediate review, and thus does not fall into that small class of orders appealable under Cohen. Stripe-A-Zone, 643 F.2d at 233-34; see Cohen, 337 U.S. at 546, 69 S.Ct. at 1225-1226; Yakowicz, 683 F.2d at 783 n. 10.[4]
 
 III
 
 15
 The Secretary's motion to dismiss Engelhard's petition for review will be granted. The Secretary's request that the record in this case be transferred to the United States Court of Appeals for the Eleventh Circuit will be granted.[5]
 
 
 
 *
 Honorable James T. Giles, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The settlement agreement also covered a citation issued against Engelhard on July 6, 1978, in which the Secretary had alleged five serious violations of 29 C.F.R. § 1910 (1982). See App. at 22-23, 37
 
 
 [2]
 The ALJ severed that part of the settlement referring to the July 6, 1978 citation, and the allegations contained in that citation are not before us here
 
 
 [3]
 At oral argument counsel for Engelhard conceded that the only harm to Engelhard resulting from the Commission's decision was the "cost and expense of litigation." Transcript of Oral Argument at 28-29
 
 
 [4]
 Engelhard argues that Marshall v. Oil, Chemical & Atomic Workers Int'l Union, 647 F.2d 383 (3d Cir.1981), is dispositive of the finality issue. We disagree. In that case we applied Cohen and held that the Secretary's petition to review a Commission's order holding that a union had the right to object to a proposed settlement on grounds other than the reasonableness of the abatement period was properly before us under section 11(a) of OSHA. 647 F.2d at 387. Our decision was based on the effect of the Commission's order on the Secretary's right to enter into a settlement agreement, a right we found "critical to the enforcement scheme of the Act." 647 F.2d at 387; see Marshall v. Sun Petroleum Products Co., 622 F.2d at 1187 (discussing the Secretary's "unique" role under OSHA)
 In this case Engelhard is claiming that its rights have been finally decided by the Commission's order. We are unwilling to equate Engelhard's asserted rights with the Secretary's statutory duty and power to exercise his prosecutorial responsibility. Thus while Oil, Chemical, & Atomic Workers offers guidance to us in analyzing the reviewability of the Commission's order, its holding was based on rights distinct from those asserted here and is not determinative of the finality issue in this case. See Donovan v. OSHRC, 713 F.2d 918, 924 & n. 9 (2d Cir.1983).
 
 
 [5]
 In his motion to dismiss the Secretary requested that we transfer this action to the Eleventh Circuit where the Secretary has filed a petition for review of the Commission's order in this case. Donovan v. International Chemical Workers Union, No. 82-7322 (11th Cir. filed October 12, 1982). Because the Eleventh Circuit has jurisdiction over the Secretary's petition, see Oil, Chemical & Atomic Workers, 647 F.2d at 387, and because we find that transfer would be in the interests of justice, we will order this action transferred pursuant to our authority under § 301 of the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, 96 Stat. 25, 55 (to be codified at 28 U.S.C. § 1631). See Slatick v. Director, Office of Workers' Compensation Programs, 698 F.2d 433, 434 (11th Cir.1983)