Peter DASSINGER, d/b/a Peter
Dassinger Modeling Studios,
Plaintiff-Appellant,

v.

SOUTH CENTRAL BELL TELEPHONE
COMPANY, Defendant-Appellee.

No. 76–2593.

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1976.

Darleen M. Jacobs, New Orleans, La., for plaintiff-appellant.

Raymond J. Salassi, Jr., New Orleans, La., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellee moves this Court to dismiss the appeal filed by appellant on the ground that the order of the district court granting a

---

new trial is an interlocutory order and, thus, the appeal is untimely. We agree and grant the motion.

On October 29, 1971, plaintiff-appellant filed suit against defendant-appellee in the Eastern District of Louisiana. Plaintiff alleged that defendant was negligent in failing to make available to the public his business telephone number. Jurisdiction was invoked on the basis of diversity of citizenship. 28 U.S.C.A. Section 1332.

On April 4, 1974, the district court dismissed the complaint for want of jurisdiction and at the same time granted defendant's motion for summary judgment. We reversed each of those rulings. *Dassinger v. South Central Bell Telephone Company*, 505 F.2d 672 (5th Cir. 1974). We found that the trial court should not have dismissed the complaint for lack of jurisdictional amount and that there were unresolved factual disputes precluding summary judgment.

On remand a jury trial was held from October 22–24, 1975, and a verdict was returned in favor of the plaintiff in the amount of seventy-five thousand dollars ($75,000.00). On November 10, 1975, defendant filed a motion for judgment notwithstanding the verdict, or, alternatively, motion for new trial pursuant to Rule 59(b) of the Federal Rules of Civil Procedure. On May 18, 1976, the district court granted a new trial, limited solely to the issue of damages. This appeal followed.

As a general rule, an order granting a motion for a new trial is not appealable because it is not a "final" order within the meaning of 28 U.S.C.A. Section 1291. *Massey v. Gulf Oil Corp.*, 508 F.2d 92, 94 (5th Cir.), *cert. denied*, 423 U.S. 838, 96 S.Ct. 67, 46 L.Ed.2d 57 (1975); *Wiggs v. Courshon*, 485 F.2d 1281, 1282 (5th Cir. 1973); *North Texas Producers Ass'n v. Metzger Dairies, Inc.*, 348 F.2d 189 (5th Cir.), *cert. denied*, 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468 (1965); *Citizens National Bank of Lubbock v. Speer*, 220 F.2d 889 (5th Cir. 1955). Although an order granting a new trial is not normally appealable, it is reviewable on appeal from a final judgment following the second trial, and if the appellate court agrees, it can reinstate the verdict reached at the first trial. *Wiggs v. Courshon, supra; see also Standard Oil Co. v. Brown*, 238 F.2d 54 (5th Cir. 1956).

While appellant agrees with this general statement of the law, he argues that the grant of a new trial on the issue of damages in this case is a "final" order in that it is an appeal from a judgment following a second trial. Appellant asserts that the original grant of summary judgment by the court on appellee's motion—which was reversed by this court—was the first trial on the merits. On remand the matter was tried to a jury and judgment was rendered for plaintiff on the merits. Thus, appellant concludes that the case is now appealable from the judgment following a "second trial." Appellant submits that the "second trial" rule does not require that each trial have been before a jury in order to be counted.

While the appellant's argument is rather clever, it is based on too literal an interpretation of the applicable law. The language used in the cases cited above to the effect that the granting of a new trial may be reviewed on appeal "following the second trial" does not refer to a countable series of trials. The reference to "second trial" merely means the trial to follow the one preceding. Thus, it makes no difference whether the "second trial" is numerically second, third or fifth. The controlling factor is the finality of the action in the district court and it is perfectly clear that this case is still pending in the court below.

We pretermit whether the continuous granting of a new trial might be reviewable or correctable by use of a prerogative writ. *See generally* 6A Moore's Federal Practice Section 59.15(2). The motion to dismiss the appeal in this case is

GRANTED.