**FIELDCREST MILLS, INC., Petitioner,**

v.

**The OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Peter J. Brennan, Secretary of Labor, Respondents.**

No. 74-2107.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1976.

Decided Nov. 17, 1976.

Robert E. Payne, Richmond, Va. (John S. Battle, Jr., McGuire, Woods & Battle, Richmond, Va., on brief), for petitioner.

Allen H. Sachsel, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. (William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Michael H. Levin, Counsel for Appellate Litigation, Washington, D. C., Allen H. Feldman, Acting Asst. Counsel, Carla A. Hills, Asst. Atty. Gen., New York City, and Stephen F. Eilperin, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for respondents.

Before BRYAN, Senior Circuit Judge, CRAVEN, Circuit Judge, and CLARKE, District Judge.*

PER CURIAM:

This appeal is from an order of the Review Commission entered August 6, 1974 under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq.[1] The Commission's order reversed the Administrative Law Judge's summary judgment that Fieldcrest Mills, Inc., a processor of raw cotton at Columbus, Georgia, was not guilty under a citation issued by the Secretary of Labor, § 658, for failing to comply with a safety and health standard, § 654(a)(2), promulgated in a rule of the

---

* United States District Court for the Eastern District of Virginia, sitting by designation.

1. Jurisdiction of this court is predicated upon section 11(a) of the Act, 29 U.S.C. § 660(a), conferring an alternative venue "where the employer has its principal office", which is North Carolina.

Secretary of Labor pursuant to § 655.[2] The standard sought to give employees protection against the health hazards in the accumulation of raw cotton dust, 29 CFR 1910.-93.

The ALJ had sustained Fieldcrest's defense that the rule was invalid because it modified an earlier one but had been issued without following the procedures for modification required by the Act, §§ 655(a) and (b).[3] The Commission upheld the rule, vacated the order of the ALJ, and remanded "the matter for trial on the merits" by him. To that action this appeal is pressed under § 660(a).

Characterizing the appeal as interlocutory and hence not now cognizable here, the Secretary moves to dismiss it as premature. In response, Fieldcrest maintains that the Commission's order is a final decision because a further hearing on the validity of the rule was not obtainable; that is, no review is provided on whether its issuance by the Secretary was beyond the powers delegated to him by the Act.

In our judgment the Commission's order is not reviewable at this stage of the case. The charges against Fieldcrest arose out of an inspection of its plant by the Secretary's representative, § 657, which led to the citation of the company for violation of the rule, § 658(a). Fieldcrest notified the Secretary of its intention to contest the citation, the Secretary advised the Commission of this notice, and the latter granted Fieldcrest a hearing before its ALJ. 29 U.S.C. §§ 659(c) and 661(i). Upon his grant of summary judgment for Fieldcrest, an appeal was taken by the Secretary to the Commission under its Rule 75(c).[4] It allows an appeal of an administrative interlocutory order where the ALJ certifies, as he did here, that his ruling involved "an important question of law concerning which there is substantial ground for difference of opinion."

The order granting Fieldcrest's motion for summary judgment was entered by the ALJ on May 3, 1974. That decision, apparently viewed by the Judge himself as interlocutory, was certified to the Commission on May 13, 1974 under Commission Rule 75(c). We agree with both the Commission and the Secretary that the certification of the order for review by the Commission was permissible and proper under Rule 75(c) and 29 U.S.C. § 661(i). See 29 U.S.C. § 661(f).

Likewise, we do not find convincing Fieldcrest's contention that the ALJ's summary judgment was a final Commission order and hence reviewable by this court under § 660(a). The ALJ's report was received by the Commission on May 18, 1974. Within the 30 days allowed for Commission members to direct review, § 661(i), the report came before the Commission for consideration and, on June 5, 1974, it entered an order denying Fieldcrest's motion to set aside the certification and dismiss the appeal as procedurally defective. That order in effect directed Commission review consistent with the limitations set forth in § 661(i) and prevented the ALJ's report from becoming a final judgment.

After a formal hearing the Commission, finding the ALJ's determination as to the validity of the rule containing the cotton-dust standard to be erroneous, vacated the

---

2. This citation is one of three that were before the Administrative Law Judge when he entered the order of summary judgment on the one at issue. This explains why it has sometimes been spoken of as a partial summary judgment. The other two citations were ultimately vacated by the Secretary and are not discussed in this opinion.

3. Fieldcrest also argues here that the rule as modified by the Secretary is invalid because the Secretary lacked the authority to make the modification. The discussion of the ALJ does not reflect consideration of this ground of defense and, therefore, we do not pass upon it.

4. Commission Rule 75, 29 CFR 2200.75, provides, in pertinent part:

*Interlocutory appeals; special; as of right.*

. . . . .

(c) Interlocutory appeal from a ruling of the Judge shall be allowed as of right where the Judge certifies that (1) the ruling involves an important question of law concerning which there is substantial ground for difference of opinion; and (2) an immediate appeal from the ruling will materially expedite the proceedings.

ALJ's order of summary judgment on August 6, 1974 and remanded the matter for trial on the merits. This is the order from which Fieldcrest is now appealing.

Review of the Commission's order reversing the ALJ's vacation of the dust-standard citation and remanding the case to the ALJ for trial on the merits may be had in this court if it was a final order and if Fieldcrest was "adversely affected or aggrieved" thereby. 29 U.S.C. §§ 659(c) and 660(a). We think the order does not qualify under these stipulations. It was not a final order because it was not one "affirming, modifying or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief" as required for finality by § 659(c). Since it did not meet the standards of § 659(c), the order did not meet the appeal criterion of § 660(a)—adversely affecting and aggrieving Fieldcrest.

Ample precedent sustains these conclusions. Quite recently we declined to review an order by the Occupational Safety and Health Review Commission remanding a case dismissed by the ALJ and directing an evidentiary hearing to determine whether conditions precedent to withdrawal had been fulfilled. *Gurney Industries, Inc. v. Occupational Safety and Health Review Commission* (4 Cir. November 28, 1973) (No. 73–1813). We have also been unwilling to review nonterminating decisions of other agencies, as in *Maryland Shipbuilding & Drydock Co. v. Benefits Review Board,* 544 F.2d 514 (4 Cir. 1976).

In *Gurney* the order contains this apposite exposition:

"The Commission's order remanding for an evidentiary hearing does not affirm, modify or vacate the Secretary's citation or proposed penalty nor does it direct 'other appropriate relief'. It is, therefore, not the type of order which automatically becomes final within thirty days under 29 U.S.C.A. § 659(c). Because the Commission's order remanding for an evidentiary hearing in no way purports to finally determine Gurney's right to withdrawal of its notice of contest and because we think Gurney is not 'adversely

affected or aggrieved' by the Commission's inquiry, . . . we find the order to be interlocutory in nature and not subject to review under 29 U.S.C.A. § 660." [Citations omitted.]

Other circuits too have reasoned that a Commission order of remand for a hearing on the merits, incident to a reversal of a judge's threshold determination of the applicability of a standard, is both nonfinal and not otherwise reviewable. *Gearhart-Owen Industries, Inc. v. Occupational Safety and Health Review Commission* (D.C.Cir. Sept. 29, 1975) (No. 75–1392); *United States Steel Corp. v. Occupational Safety and Health Review Commission,* 517 F.2d 1400 (3 Cir. 1975); *and Chicago Bridge & Iron Co. v. Occupational Safety and Health Review Commission* (7 Cir. May 31, 1973) (No. 73–1181). The order in the last citation is confirmative here:

"Unless and until petitioner is aggrieved, or adversely affected, by an order requiring it to abate certain practices, or granting other relief against it, appeal to this court is improper. The requirement that further proceedings be conducted is not the kind of adverse effect contemplated by the statute."

Obviously, this is but an application of the doctrine that exhaustion of administrative remedies is a prerequisite to recourse to judicial relief. Justifying the restraint, the Court in *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972) reiterated:

"The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."

Respondent's motion is granted, the petition for review dismissed.

Dismissed.