**STRIPE–A–ZONE, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSIONERS and the Secretary of Labor, Respondents.**

**No. 80–2391.**

United States Court of Appeals, Fifth Circuit. Unit A

April 8, 1981.

Rehearing Denied June 4, 1981.

---

Gardere, Wynne & Jaffe, Ronald M. Gaswirth, Dallas, Tex., for petitioner.

Marleigh Dover Lang, Anthony J. Steinmeyer, Dept. of Justice, Thomas L. Holzman, Allen H. Feldman, Dept. of Labor, Washington, D. C., for respondents.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

The Secretary of Labor has moved this court to dismiss Petitioner Stripe-A-Zone's petition for review of an order of the Occupational Safety and Health Review Commission (OSHRC or "the Commission"). The OSHRC's order vacated the decision of an administrative law judge (ALJ) to dismiss the Secretary's complaint that Stripe-A-Zone had violated the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678 (1976), and remanded the case to the ALJ for proceedings on the merits. The Secretary contends that Stripe-A-Zone's petition for review is premature because the OSHRC's remand order does not adversely affect or aggrieve Stripe-A-Zone within the meaning of section 11(a) of the Act, 29 U.S.C. § 660(a) (1976), which authorizes judicial review of OSHRC decisions. For the reasons set forth below, we grant the Secretary's motion to dismiss the petition for review.

I. FACTUAL BACKGROUND

On December 1, 1978, the Occupational Safety and Health Administration (OSHA) issued a citation number to Stripe-A-Zone, alleging four serious violations of the Act and the regulations promulgated thereunder. The violations were alleged to have occurred on or about November 1, 1978, at a work site located in Bedford, Texas. Stripe-A-Zone filed a timely notice of contest to this citation, and the case was assigned OSHRC docket number 78–6062. On January 25, 1979, however, the Secretary of Labor filed a motion to withdraw this cita-

tion without prejudice. ALJ Paul A. Tenney granted this motion on March 26, 1979, in a single-sentence order that read as follows: "The Secretary of Labor's unopposed motion to withdraw the citation is granted." Neither the Secretary nor Stripe-A-Zone appealed this order, and no Commissioner directed that it be reviewed; thus, by operation of section 12(j) of the Act, 28 U.S.C. § 661(i) (1976), this order of dismissal became a final order of the OSHRC on April 25, 1979.

On the following day, April 26, 1979, OSHA issued another citation to Stripe-A-Zone. It is undisputed that the violations alleged in this citation were based upon the same inspection and facts underlying the previous citation, although the actual violations alleged were slightly different in nature. Stripe-A-Zone timely contested this second citation as well, and the case was assigned OSHRC docket number 79–2380. On May 23, 1979, the Secretary filed his formal complaint. Stripe-A-Zone moved to dismiss the case, urging that the violations alleged in the complaint were the subject of a previous final order of the OSHRC. ALJ Louis G. LaVecchia agreed, and vacated the second citation by order dated October 15, 1979. Judge LaVecchia reasoned that the second citation constituted an attempt by the Secretary to reconsider an order that had already become final under section 12(j), and that under this court's decision in *Brennan v. OSHRC (S.J. Otinger, Jr., Construction Co.)*, 502 F.2d 30 (5th Cir. 1974), the OSHRC lacked jurisdiction to reconsider its previous final orders. Judge LaVecchia also concluded that "[t]he words 'without prejudice' must be considered surplusage in the light of [*Otinger*]."

On November 9, 1981, the Secretary filed a petition for discretionary review by the OSHRC of Judge LaVecchia's order. The petition was granted, and on October 31, 1980, the OSHRC vacated Judge LaVecchia's order of October 15, 1979, and remanded the case to him for proceedings on the merits. The OSHRC held that under Fed. R.Civ.P. 41(a)(2), Judge Tenney's dismissal

of the first citation necessarily must have been without prejudice, since his order did not specify to the contrary; the Commission further agreed that Judge Tenney's order of dismissal had become a final order of the Commission by operation of law on April 25, 1979. Still, the Commission held, this did not warrant Judge LaVecchia's dismissal of the second citation:

It is well settled that the effect of a voluntary dismissal without prejudice is to render the matter a nullity and to restore the parties to the same position as if the action had never been brought. Such a dismissal is not an adjudication on the merits and thus does not serve as a *res judicata* bar to bringing a later suit on the same cause of action.... Judge Tenney's order merely permitted a procedural action which voided the citation underlying OSHRC Docket No. 78–6062 and which restored the parties to their pre-citation positions. Nevertheless, the Secretary's authority to issue citations alleging violations discovered during the same underlying inspection survived that final order, subject to the six-month limitations period of section 9(c) of the Act [28 U.S.C. § 658(c) (1976)]. When the Secretary issued the citations underlying OSHRC Docket No. 79–2380 four days prior to the expiration of the six-month period, he satisfied the requirement of section 9(c). Accordingly, we conclude that these citations are as a matter of law independent of and distinct from the dismissed citation, even though they share the same factual predicate. The Secretary is entitled to pursue and adjudication on the merits of the citations.

(Citations and footnotes omitted.) On December 23, 1980, Stripe-A-Zone filed this petition for review of the OSHRC's decision of October 31, 1980.

## II. THE APPEALABILITY OF THE COMMISSION'S REMAND ORDER

Judicial review of final orders of the Commission is authorized by section 11(a) of the Occupational Safety and Health Act of 1970. That section provides, in pertinent part, as follows:

*Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title* may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside.... *Upon such filing, the court shall have jurisdiction of the proceeding* and of the question determined therein, *and shall have such power to grant such temporary relief or restraining order as it deems just and proper,* and to make and enter upon the pleadings, testimony, and proceedings set forth in such record a decree affirming, modifying, or setting aside in whole or in part, the order of the Commission and enforcing the same to the extent that such order is affirmed or modified. *The commencement of proceedings under this subsection shall not, unless ordered by the court, operate as a stay of the order of the Commission. Upon the filing of the record with it, the jurisdiction of the court shall be exclusive* and its judgment and decree shall be final, except that the same shall be subject to review by the Supreme Court of the United States ....

29 U.S.C. § 660(a) (1976) (emphasis added). Section 10(c) of the Act, referred to in the first sentence of section 11(a) quoted above, provides in pertinent part as follows:

The Commission shall [after proper proceedings with regard to a contested citation] issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance.

29 U.S.C. § 659(c) (1976).

The legislative history of section 11(a) is rather sparse and largely uninformative. *See* S.Rep.No.91–1282, 91st Cong., 2d Sess.

(1970), *reprinted at* [1970] U.S.Code Cong. & Ad.News 5177, 5191–92, 5210–11; Conf.Rep. No.91–1765, 91st Cong.2d Sess. (1970), *reprinted at* [1970] U.S.Code Cong. & Ad. News 5228, 5235. Rather, the secretary relies chiefly on *Fieldcrest Mills, Inc. v. OSHRC*, 545 F.2d 1384 (4th Cir. 1976), in which the Commission also had vacated the decision of an ALJ and remanded for trial on the merits. The Fourth Circuit held that Fieldcrest Mills was not "adversely affected or aggrieved" by this remand order because it was not an order "affirming, modifying or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief." *Id.* at 1386.

We agree with the Fourth Circuit's analysis of sections 10(c) and 11(a) of the Act. The Commission's order vacating and remanding Judge LaVecchia's decision certainly did not affirm, modify, or vacate the Secretary's proposed penalty, and we believe that the phrase "directing other appropriate relief" can refer only to those OSHRC decisions which order remedial measures after a determination on the merits of the allegations that the Act has been violated. Accordingly, the Commission's order remanding the case was not an order issued under section 10(c) of the Act, and therefore it is not reviewable under section 11(a) of the Act. *Cf. FTC v. Standard Oil Co.,* —— U.S. ——, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (FTC's issuance of a complaint was not "final agency action" under section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704 (1976), and hence was not judicially reviewable before the conclusion of the administrative adjudication).

Stripe-A-Zone concentrates its arguments not on sections 10(c) and 11(a) of the Act, but on the "collateral order" doctrine of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), arguing that the Commission's remand order

> fall[s] in that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be

denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Id.* at 546, 69 S.Ct. at 1225. Elsewhere, the Supreme Court has defined this limited class of appealable collateral orders very narrowly:

> "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."

*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. ——, ——, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

Without reaching the first two requirements, we think it clear that the OSHRC order at issue here cannot meet the third. Stipe-A-Zone argues that it will irreparably lose two "essential rights" if those rights are not vindicated before trial on the merits before the ALJ—specifically, "its right not to be prosecuted twice for the same alleged violations and the right to have the laws of this Circuit applied to it during the course of an administrative proceeding in this Circuit." We think that Stripe-A-Zone is simply arguing the merits of the Commission's remand order—*i. e.,* that the Commission erred in not giving *res judicata* effect to the dismissal of the first citation.

Outside of the double-jeopardy context, *see Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1971), the expense and annoyance of litigation is simply part of the social burden of living under government. *FTC v. Standard Oil Co., supra,* —— U.S. at ——, 101 S.Ct. at 495. Stripe-A-Zone may have the right not to be punished twice for the same violation, and it may have the right to have this circuit's precedent applied during the administrative proceedings that must take place before any such punishments may validly be assessed; but it does not enjoy an absolute right, similar to a criminal defendant's double-jeopardy rights under the

United States Constitution, not to be unjustly subjected to litigation. If Stripe-A-Zone becomes adversely affected or aggrieved by a Commission order based on these alleged violations, then Stripe-A-Zone may appeal to this court on grounds that the OSHRC has ignored our decision in *Otinger*, or on any additional grounds that it chooses. In short, because Stripe-A-Zone's valid interests are susceptible to effective review in the normal appellate processes, the Commission's order cannot be deemed to fall within the *Cohen* doctrine.

The Secretary's motion to dismiss the petition for review is GRANTED, and the petition is hereby DISMISSED. The stay entered by this court on March 3, 1981 is hereby DISSOLVED.