650 F.2d 934
 9 O.S.H. Cas.(BNA) 1894
 NORANDA ALUMINUM, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Raymond
J. Donovan, Secretary of Labor (effective 2/3/81),
United States Department of Labor, Respondents.
 No. 81-1174.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 20, 1981.
Decided June 12, 1981.
 
 Gerald Tockman, Valerie Held Rapp, St. Louis, Mo., for petitioner.
 T. Timothy Ryan, Jr., Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Thomas L. Holzman, Atty., U. S. Dept. of Labor, Washington, D. C., for respondents.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Noranda Aluminum, Inc. petitions for review of an order of the Occupational Safety and Health Review Commission (the Commission) reversing the decision of an administrative law judge (ALJ) to vacate[1] the Secretary of Labor's citation of Noranda for violation of section 5(a)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 654(a)(1),[2] and remanding the case to the ALJ for further proceedings, including a hearing on the merits.[3] The Secretary of Labor has moved this court to dismiss Noranda's petition for review, contending that the petition is premature because the Commission's decision is not a final appealable order. Because the Commission did not affirm, modify, or vacate the Secretary's citation or direct other relief its order is not reviewable under section 11(a) of the Act.
 
 
 2
 Judicial review of final orders of the Commission is authorized by section 11(a) of the Occupational Safety and Health Act of 1970, which states:
 
 
 3
 Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside
 
 
 4
 29 U.S.C. § 660(a). The section to which section 11(a) refers, section 10(c) of the Act, provides:
 
 
 5
 The Commission shall (after a hearing on a contested citation) issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance
 
 
 6
 29 U.S.C. § 659(c).
 
 
 7
 In the instant case, the Commission's order reversing and remanding the case to the ALJ did not affirm, modify, or vacate the Secretary's citation. See Stripe-A-Zone v. Occupational Safety and Health Review Commission, 634 F.2d 230, 233 (5th Cir. 1981); Fieldcrest Mills, Inc. v. Occupational Safety and Health Review Commission, 545 F.2d 1384, 1386 (4th Cir. 1976). Moreover, the Commission did not direct "other appropriate relief" since this phrase refers only to remedial orders entered after a decision on the merits. See Stripe-A-Zone v. Occupational Safety and Health Review Commission, supra at 233. Accordingly, the Commission's decision was not an order that is reviewable under section 11(a) of the Act.
 
 
 8
 The Secretary's motion to dismiss the petition for review is granted and the petition is hereby dismissed.
 
 
 
 [1]
 The ALJ vacated the Secretary's citation on the ground that the Secretary failed to make a timely response to Noranda's interrogatories
 
 
 [2]
 29 U.S.C. § 654(a)(1) provides:
 Each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees
 Noranda was cited for willfully violating section 654(a)(1) by exposing its employees to excessive heat stress without providing protection.
 
 
 [3]
 In reversing the ALJ's decision, the Commission held that absent a showing that the Secretary's failure to comply with the discovery order was contumacious or that Noranda was prejudiced by the failure, vacation of the citation was too harsh a sanction