**RSR CORPORATION, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor and Occupational Safety and Health Review Commission, Respondents.**

**No. 83–4083.**

United States Court of Appeals,
Fifth Circuit.

June 8, 1984.

Akin, Gump, Strauss, Hauer & Feld, Michael J. Cozzillio, Edward C. Nucci, Washington, D.C., for petitioner.

Judith N. Macaluso, Atty., Dept. of Labor, Washington, D.C., for respondents.

Mary-Win O'Brien, Pittsburgh, Pa., for United Steelworker of America, intervenor.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

RSR Corporation seeks to invoke our jurisdiction under Section 11(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(a) (1982) to review a decision and order of the Occupational Safety and Health Review Commission. The Secretary of Labor contends that the decision and order are insufficiently final to support appellate jurisdiction. Interpreting the Act to establish two distinct requirements for appeal, neither of them the equivalent of the usual final judgment rule, and finding both satisfied, we deny the motion to dismiss the petition.

RSR Corporation, a secondary lead refiner with plants in New York, Texas, and Indiana, was cited in four separate cases by the Occupational Safety and Health Administration (OSHA) with willful violations of standards requiring the payment of medical removal protection benefits to employees temporarily removed from their jobs or terminated because of the concentration of lead in their blood and with refusal to permit inspection of RSR's log and summary of occupational injuries and illnesses. The company contested the four citations, which came before three different administrative law judges. One judge held that RSR had violated the medical removal protection benefit provisions by failing to pay temporarily removed and terminated employees, but that the violations were not willful; another judge held that RSR had committed a nonwillful violation by failing to pay benefits to temporarily removed employees, but had not violated any standards by failing to pay terminated employees; the third judge held that RSR had committed a willful violation by failing to pay benefits to temporarily removed employees.

On review of the consolidated cases, the Commission held that RSR's failure to pay medical removal protection benefits to employees either temporarily removed or terminated constituted willful violations of promulgated standards. It imposed penalties totalling $9,000 and remanded each of the cases for a determination of the amount of benefits due the employees. In addition, the Commission held that the company's refusal to permit inspection of its injury and illness records was a willful violation and imposed a $1,000 penalty.

RSR filed a petition for review. The petition asserts that we have jurisdiction to review the order by virtue of Section 11(a)

of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(a) (1982).[1] The Act does not contain an express requirement of finality as a prerequisite to review. Section 11(a) does, however, make appellate review available only to persons "adversely affected or aggrieved by an order of the Commission," and it restricts appealability to orders described in section 10(c), which refers to "an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief...." 29 U.S.C. § 659(c) (1982).

Reading sections 10(c) and 11(a) together, we have interpreted the Act to preclude appellate review of Commission orders that do not affirm, modify, or vacate a citation or proposed penalty or direct "other appropriate relief."[2] *Stripe-A-Zone v. Occupational Safety and Health Review Commission*, 643 F.2d 230 (5th Cir.1981). We held that orders by the Commission preliminary to a finding that the Act has been violated are, therefore, not appealable under section 11(a).[3]

■ Although our *Stripe-A-Zone* decision created in effect a finality requirement for appeals under § 11(a), it does not control the case before us. For, unlike the order at issue in that decision and in the decisions of other courts that have held finality prerequisite to review under the Act,[4] the Commission's order in this case both resolved the merits of the dispute and assessed penalties in definite amounts. Section 10(c) describes the orders that the Commission may issue as either those "affirming, modifying or vacating the Secretary's citation or proposed penalty" *or* "those directing other appropriate relief." Any order thus described is subject to review under section 11(a). Only a crabbed reading of section 10(c) would forbid review of an order that affirmed in part and modified in part both citations and penalties simply because the issue of what other (and additional) relief is appropriate has been remanded for determination.

Relying on the alternative statutory source for requiring finality of agency action before appellate review, the Secretary urges that RSR is not yet "adversely affected or aggrieved" by the Commission's order. Under section 10(b), this argument runs, RSR's obligations under the order are suspended when it files a notice that it contests its citation and penalty; the corporation is not adversely affected by the order until it discontinues litigation, including that pertaining to the issues remanded. This simply misreads the statute. Section 10(b) describes when an employer's failure to contest the *Secretary's* finding of failure to correct a violation and proposal of a penalty makes notification by the Secretary tantamount to a final order of the Commission and "not subject to review by any court or agency." 29 U.S.C. § 659(b)

---

1. Section 11(a) provides:

   Any person adversely affected or aggrieved by an order of the commission issued under subsection (c) of Section 659 of this title [section 10(c) of the Act] may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside. * * *

   29 U.S.C. § 660(a) (1982).

2. We construed the phrase "other appropriate relief" to mean remedial measures ordered after a determination on the merits. 643 F.2d at 233.

3. The order appealed in *Stripe-A-Zone* vacated the decision of an administrative law judge to dismiss an administrative complaint brought by the Secretary of Labor. It remanded the OSHA citation for adjudication on the merits.

4. *Noranda Aluminum, Inc. v. Occupational Safety and Health Review Commission*, 650 F.2d 934 (8th Cir.1981) (Commission order reversing administrative law judge's decision to vacate citation and remanding to judge for hearing on the merits not immediately appealable); *Fieldcrest Mills, Inc. v. Occupational Safety and Health Review Commission*, 545 F.2d 1384 (4th Cir. 1976) (order vacating administrative law judge's summary judgment finding no violation because standard alleged to have been violated was not validly promulgated and remanding to judge for hearing on the merits not immediately appealable).

(1982).[5] If section 10(b) applied to the Commission's order in this case, RSR Corporation might eventually appeal the amount of its liability, but could *never* appeal the finding that it had violated the Act: the moment RSR became an aggrieved party under section 11(a), the Commission's order finding a violation would be nonreviewable. Subsection (b) does not apply to penalties assessed by the Commission but only to those proposed to be assessed by the Secretary. It therefore has no application in this case, and we find no similar automatic stay provision in subsection (c).

■ RSR argues that it is already aggrieved in three respects: it has been found to have violated the Act willfully and cannot contest that finding on remand; the finding of willful violation might be the basis for a more severe penalty if RSR is ever found to have violated the Act again;[6] and the Commission has already assessed $10,000 in fines. The first two contentions do not demonstrate that RSR is aggrieved, but only that it may be aggrieved in the future, when the extent of its liability for the established violations is determined, or if and when it is found to have violated the Act again. The assessment of substantial fines, however, is an event that demonstrates clearly how the Commission's order has adversely affected and aggrieved RSR. Aside from the Secretary's mistaken citation to section 10(b), we have been presented with nothing to suggest that RSR may postpone payment of the penalties assessed pending resolution of the issues on remand.

Thus, the Commission's order satisfies the finality requirement imposed by section 11(a) as well as the finality requirement imposed by section 10(c).

The Secretary argues, finally, that we should dismiss the appeal for the reasons we relied upon when holding insufficiently final to be immediately appealable an order of the Benefits Review Board that determined the method by which the benefits due a Longshoremen's and Harborworkers' Compensation Act claimant would be calculated, and remanding the case to an administrative law judge for further findings and computation. *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399 (5th Cir.1984) (en banc). We observed that permitting appeals to precede the ultimate termination of administrative proceedings imposes on litigants undesirable delay and expense while burdening the courts with the substantial system costs of piecemeal and multiple appeals. 723 F.2d at 405. Therefore, we observed, "[i]t is a well-established rule of appellate jurisdiction ... that where liability has been decided but the extent of damage remains undecided, there is no final order." 723 F.2d at 404 *quoting Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board*, 535 F.2d 758, 760 (3d Cir.1976).

The policy that appellate review of both district court and agency decisions should be barred until those decisions have resulted in final judgments or orders is sound and pervasive. It has yielded to only a few exceptions and we would not voluntarily create another. However, Congress has

---

**5.** Section 10(b) provides:

If the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued within the period permitted for its correction (which period shall not begin to run until the entry of a final order by the Commission in the case of any review proceedings under this section initiated by the employer in good faith and not solely for delay or avoidance of penalties), the Secretary shall notify the employer by certified mail of such failure and of the penalty proposed to be assessed under section 666 of this title by reason of such failure, and that the employer has fifteen working days within which to notify the Secretary that he wishes

to contest the Secretary's notification or the proposed assessment of penalty. If, within fifteen working days from the receipt of notification issued by the Secretary, the employer fails to notify the Secretary that he intends to contest the notification or proposed assessment of penalty, ... the notification and assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

29 U.S.C. § 659(b) (1982). *See Whirlpool Corp. v. Marshall*, 445 U.S. 1, 9 n. 11, 100 S.Ct. 883, 889 n. 11, 63 L.Ed.2d 154, 162 n. 11 (1980).

**6.** 29 U.S.C. § 666(j) (1982).

specifically defined the orders appealable under the Occupational Safety and Health Act without referring to the finality of the order. Sections 11(a) and 10(c) require only that the petitioner be currently aggrieved by *any* of three specified types of orders, two of which would seldom, if ever, satisfy our interpretation of the general statutory term, "final order." The review provision of the Act thus differs significantly from the review provision of the Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C. § 921(c), which imposes a finality requirement without describing it.[7] In the Act before us, Congress has described appealable orders with precision and in striking conflict with our construction of the more general statutory term. It presumably intended by this specificity to impose requirements different from those we have imposed under the LHWCA and those exacted by use of the term "final decision" in the Judicial Code,[8] which has long been interpreted to preclude appeal of decisions on the merits accompanied by an order for retrial or other further proceedings on the issue damages.[9] When Congress abandoned its use of terminology whose interpretation was fairly predictable and employed instead specific and contrary language, we, whose sole authority is to interpret its mandate, must conclude that it intended a different result.

The Secretary's motion to dismiss for want of jurisdiction is therefore DENIED.

---

7. 33 U.S.C. § 921(c) provides:

Any person adversely affected or aggrieved by a *final order* of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred by filing in such court within sixty days following the issuance of such Board order a written petition that the order be modified or set aside. * * * (Emphasis added.)

8. 28 U.S.C. § 1291 (1982) provides:

The courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. (Emphasis added.)

9. *E.g., Freeman v. Califano,* 574 F.2d 264, 268 (5th Cir.1978); *Dassinger v. South Central Bell Telephone Co.,* 537 F.2d 1345, 1346 (5th Cir. 1976).