**CH2M HILL CENTRAL, INC., Petitioner,**

v.

**Alexis M. HERMAN, Secretary of Labor, and Occupational Safety and Health Review Commission, Respondents.**

**Nos. 97–2403, 97–2504.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 26, 1997.

Decided Dec. 16, 1997.

Kevin J. Lyons (submitted), Francis R. Croak, Cook & Croak, Milwaukee, WI, Robert C. Gombar, Arthur G. Sapper, McDermott, Will & Emery, Washington, DC, for Petitioner.

Bruce Justh, Department of Labor, Appellate Litigation, Washington, DC, Richard J. Fiore, Kevin Koplin, Department of Labor, Chicago, IL, Ronald J. Gottlieb, Department of Labor, Office of the Solicitor, Washington, DC, Daniel J. Mick, Occupational Safety & Health Administration, Office of the Director, Washington, DC, for Respondent Herman.

Ray Darling, Jr., Occupational Safety & Health Review Commission, Washington, DC, for Respondent Occupational Safety and Health Review Commission.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

A methane explosion in November 1988 in Milwaukee's Crosstown Seven North Tunnel led to three deaths. S.A. Healy Company, the general contractor, was convicted of criminal violations of the Occupational Safety and Health Act, and on double jeopardy grounds we vacated administrative penalties for the same delicts. *S.A. Healy Co. v. OSHRC,* 96 F.3d 906 (7th Cir.1996), *certiorari granted,* —— U.S. ——, 118 S.Ct. 623, —— L.Ed.2d —— (1997). The Secretary of Labor wants CH2M Hill Central ("Hill"), an engineering consultant that oversaw the project on behalf of the City of Milwaukee, to pay penalties for violating the Act's construction regulations. Proceedings on this citation, issued in May 1989, have made the litigation involving Healy seem a model of expedition. An administrative law judge held a 12-day hearing and in 1993 concluded that the citation should be vacated because the rules do not apply to firms that lack authority to direct the general contractor to cease work until safety standards have been complied with. *CH2M Hill Central, Inc.,* 1993 OSAHRC LEXIS 258 (No. 89–1712, Sept. 14, 1993). The ALJ concluded that engineers, architects, and similar enterprises are not "engaged in construction work" within the meaning of 29 C.F.R. § 1910.12. Three and a half years later a divided Occupational Safety and Health Review Commission disagreed, ruling that a consultant to the project owner may be subject to the same rules as general contractors. *CH2M Hill Central, Inc.,* 1997 OSAHRC LEXIS 34, 17 OSHC (BNA) 1961, 1997 OSHD (CCH) ¶ 31,303 (No. 89–1712, April 21, 1997). Without discussing § 1910.12, the majority concluded that architects, engineers, and similar professionals should be treated as joint employers with the firms actually carrying out the construction, even if the contracts assign to the project owner full responsibility for directing the work, and to the general contractor sole responsibility for implementing the owner's decisions. "[W]here an engineering or architectural firm (1) possesses broad responsibilities in relation to construction activities, including both contractual and de facto authority relating directly to the work of the trade contractors, and (2) is directly and substantially engaged in activities that are integrally connected with safety issues, the construction standards will apply, notwithstanding contract language expressly disclaiming safety responsibility." The Commission remanded for further proceedings to determine whether Hill met this standard for *de facto* control and, if so, whether it should be deemed responsible for the violations under the Commission's approach to multi-employer worksites.

■ Instead of asking the ALJ to issue a swift decision using the record already compiled, Hill sought judicial review under 29 U.S.C. § 660(a), the important portion of which reads:

Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is

alleged to have occurred ... by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside.

The sentence of § 659(c) that matters to this case says:

The Commission shall ... issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance.

The Secretary wants us to dismiss the petitions as premature, observing that the Commission has yet to issue an order "affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief", to which Hill replies that the remand is itself the "relief" that the Commission contemplated (at least in this round of proceedings). Hill adds that § 660(a) does not limit review to a "final" decision of the Commission, unlike § 660(b), which begins: "The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals for the circuit in which the alleged violation occurred or in which the employer has its principal office, and the provisions of subsection (a) shall govern such proceedings to the extent applicable." Confining the Secretary's petitions to "final" orders, Hill tells us, implies that § 660(a) authorizes review of interlocutory orders. As a riposte, the Secretary observes that § 659(c) makes a decision imposing a penalty "final" 30 days after issuance; absence of the word "final" in § 660(a) means that employers need not wait for that month to pass, an expediting step that does not imply abandonment of the norm in administrative law that judicial review follows completion of the administrative process.

Three published opinions agree with the Secretary's contention that a remand to the ALJ is not an order "directing other appropriate relief" under § 659(c) and therefore may not be reviewed under § 660(a). *Noranda Aluminum, Inc. v. OSHRC*, 650 F.2d 934 (8th Cir.1981); *Stripe–A–Zone v.*

*OSHRC*, 643 F.2d 230 (5th Cir.1981); *Fieldcrest Mills, Inc. v. OSHRC*, 545 F.2d 1384 (4th Cir.1976). The fifth circuit concluded in *Stripe–A–Zone* that "the phrase 'directing other appropriate relief' can refer only to those OSHRC decisions which order remedial measures after a determination on the merits of the allegations that the Act has been violated." 643 F.2d at 233. *Fieldcrest Mills* relied on the common-law requirement that administrative litigants exhaust their administrative remedies. According to the Secretary, even since this trio of decisions, courts of appeals have routinely dismissed, without published opinion, petitions seeking review of remands. Hill wants us to take a fresh look, arguing that all three cases are wrongly decided. An order to hold additional proceedings is at a minimum a "collateral order" reviewable by parallel to *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), Hill insists, because it exposes the firm to additional administrative sanctions if it sticks to its position at other job sites until judicial review can be had, while it exposes the firm to liability to project owners and general contractors for breach of contract if in compliance with the Commission's view it exercises *de jure* the power to stop work that the Commission believes it possesses *de facto*.

After an independent study of this issue, we have concluded that the prevailing wisdom is correct—although not necessarily on the ground that a remand can *never* be "other appropriate relief". *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), holds that remands *to* administrative agencies sometimes may be reviewed even under a statute requiring a final decision; perhaps there are circumstances in which remands *within* agencies are sufficiently conclusive to be reviewable. But § 660(a) permits immediate review only if the employer was "adversely affected or aggrieved" by the decision. In the main, only the agency's conclusive decision adversely affects or aggrieves the subject. A court does not review the contents in a press release, an administrative complaint, or a brief, just because the writer's legal theory implies consequences; words must be fol-

lowed by deeds. Similarly a court does not review language in a judicial or administrative opinion divorced from formal orders. We review judgments (and orders), not words. And *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 115 S.Ct. 1278, 131 L.Ed.2d 160 (1995), shows that a person merely disappointed by legal statements in an administrative opinion is not "adversely affected or aggrieved".

■ Suppose the Commission had announced, just as it did, that engineers and other consultants would be treated as joint employers with the general contractors, and then dismissed the citation on other grounds. That disposition, favorable to Hill, could not have been reviewed on Hill's petition under § 660(a); only the Secretary could obtain review, under § 660(b). Yet this hypothetical opinion would have the same practical consequences as the actual opinion: it would put Hill to an uncomfortable choice at other projects. Actually, Hill has been in that position since 1989, when the Secretary issued the citation. The citation exemplified the Secretary's position that an agent for the project's owner must comply with the construction rules—and it is the Secretary's view of the Act and regulations, not the Commission's, that prevails in the event of conflict. *Martin v. OSHRC*, 499 U.S. 144, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). Making the same kind of arguments that Hill now presses, the respondent in a case initiated by the Federal Trade Commission sought judicial review of an order refusing to dismiss the complaint, observing that the complaint is a formal statement of the Commission's policy. The Supreme Court was unimpressed, holding in *FTC v. Standard Oil Co.*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980), that the complaint had no legal consequence other than to require a hearing, and that the costs of litigation on the way to a final decision are not the sort of loss that permits immediate judicial review. Well, that's the position Hill is in. It has received statements of the Secretary's legal views via the citation and the briefs filed by the Secretary's lawyers; it has learned that the Commission agrees; but it has not been required to do anything in particular as a result. For all we know Hill will prevail on remand, and the Commission's opinion will cause it no injury—none, that is, beyond the cost of litigation (which does not permit review) and the anxiety caused by knowledge that the Department of Labor wants its aid in enforcing the construction rules against general contractors. Whether such a demand, if made in the body of a rule, would be subject to judicial review in advance of enforcement is a nice question. *See Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). But statements of agency positions concerning the meaning of existing rules, divorced from concrete action, are not reviewable. *Chicago Board of Trade v. SEC*, 883 F.2d 525 (7th Cir.1989).

Hill tells us that it is entitled to be heard now precisely because it may well prevail on remand before the ALJ, or on a second appeal to the Commission, and if that happens it will be required to bear the legal risks implied by the Commission's analysis without an opportunity for judicial review until the Secretary issues another citation sometime in the future. Far from establishing entitlement to immediate review, this possibility shows why the decision is not reviewable. If the Commission's legal views don't adversely affect or aggrieve an employer that prevails on other grounds, they don't adversely affect or aggrieve an employer that may yet prevail on other grounds. Hill really wants an advisory opinion from the judiciary to countermand what may turn out to be an advisory opinion from the Commission. That's not our job. Because Hill has received nothing more than a statement of agency position, it is not "adversely affected or aggrieved" by the decision. It may obtain judicial review only if the remand leads to a concrete adverse action.

The petitions for review are dismissed for want of jurisdiction.