151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of: Paul D. YOUNG and Brigitte M. Young, Debtors.
 No. 97-2968.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1998.
Decided June 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 97 C 50065, Philip G. Reinhard, Judge.
 Appeal of: Smith Trust and Savings Bank, an Illinois banking corporation.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Two debtors, Paul and Brigitte Young, filed for relief under Chapter 11 of the Bankruptcy Code back in March of 1996. The debtors then removed, to the bankruptcy court, a state court collection action which had been brought against them by the Smith Trust and Savings Bank. The state court action named the two debtors and two others, Lauren and M. Jeanette Young, as defendants.
 
 
 2
 Three weeks before a trial was scheduled to begin in the removal action, the debtors filed a motion to dismiss the case for want of prosecution. The motion rested on Smith's representations that it did not intend to prosecute the action against the debtors. Several days later a stipulated dismissal order was entered by the bankruptcy court which wrapped up with these words:
 
 
 3
 IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
 
 
 4
 1. That this cause be and hereby is dismissed for want of prosecution as to Paul D. Young and Brigitte M. Young.
 
 
 5
 2. That the Judgment by Confession entered on April 14, 1993 in this cause by the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois in its case number 93 L 28 be and hereby is vacated as to Paul D. Young and Brigitte M. Young.
 
 
 6
 (Emphasis added.)
 
 
 7
 Some 10 weeks later, Smith filed a motion in the bankruptcy court to modify the order so it would expressly state that the dismissal was without prejudice and not an adjudication on the merits of its suit. The motion, which the bankruptcy court considered as one under 60(b) of the Federal Rules of Civil Procedure, was denied. Smith appealed to the district court, which affirmed. This appeal followed.
 
 
 8
 Although the challenged order was entered with Smith's consent, a potential problem lurked within it that went undetected: the "want of prosecution" language. Only one rule in the Federal Rules of Civil Procedure addresses dismissals for want of prosecution. Federal Rule of Civil Procedure 41(b), which applies to bankruptcy court proceedings, states:
 
 
 9
 (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 10
 So, as the rule reads, a dismissal under it operates as an adjudication on the merits unless the order booting the case "otherwise" states. This one doesn't "otherwise" state so Smith sought the modification so it could-without a potentially pesky court order in the way-proceed unfettered in state court against the two Youngs who were not involved in the bankruptcy proceeding.
 
 
 11
 We conclude that we cannot entertain Smith's appeal, for the "dispute," in its current posture, fails to present a case or controversy sufficient to trigger our jurisdiction under Article III. Smith does not seek to alter its rights vis-a-vis those of the only other litigants, the debtors. It wants us to reverse the bankruptcy court and direct the modification of the questioned order so it will have clearer sailing against the two nondebtors in proceedings elsewhere. But it is within that other forum that the effect of the order-binding or not-on the nondebtors should be ascertained. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The request that Smith makes to us-and actually the one it made to the bankruptcy court-is really more like a plea for a helpful advisory opinion usable in another forum. And as is always our stance, advisory opinions are not what we issue. See CH2M Hill Central, Inc. v. Herman, 131 F.3d 1244, 1247 (7th Cir.1998). Accordingly, we vacate the order of the district court and remand with instructions to dismiss for want of a case or controversy.